UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**HAROLD DEAN JONES,**

    **Plaintiff,**

                                  Civil No: 2:09-CV-15028
                                  HONORABLE GEORGE CARAM STEEH
**v.**                                  UNITED STATES DISTRICT COURT

**HARLON GREEN, et. al.,**

    **Defendants.**
_____/

**OPINION & ORDER OF SUMMARY DISMISSAL**

**I. Introduction**

Harold Dean Jones, ("Plaintiff"), presently confined at the United States Penitentiary in Terre Haute, Indiana, has filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the complaint is DISMISSED WITHOUT PREJUDICE.

**II. Statement of Facts**

Plaintiff was convicted of conspiracy to distribute heroin and cocaine, possession of heroin, possession of heroin with intent to distribute, and several firearm offenses following a jury trial in the United States District Court for the Eastern District of Michigan. Plaintiff's conviction was affirmed on appeal, except that his case was remanded to the district court for resentencing. *See United States v. Jones*, 121 F. 3d 710 (Table); No. 1997 WL 441795 (6th Cir. August 5,

1

1997), *cert. denied*, 522 U.S. 1022 (1997).  Following remand, plaintiff's convictions and sentences were again affirmed. *United States v. Jones,* 149 F. 3d 1185 (Table); No. 1998 WL 384573 (6th Cir. June 18, 1998).

Plaintiff subsequently filed a post-conviction motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied. *United States v. Jones,* U.S.D.C. No. 94-CR -50035 (E.D. Mich. July 30, 2001); *appeal dism.* U.S.C.A. No. 01-2103(6th Cir. September 26, 2002); *cert. den.* 537 U.S. 1213 (2003).

Plaintiff subsequently attempted to file a successive motion to vacate sentence, which was denied. *United States v. Jones,* U.S.D.C. No. 94-CR -50035 (E.D. Mich. February 6, 2008). [1]

Plaintiff claims that the defendants, Harlon Green, a police officer for the City of Flint, Michigan, Mark C. Jones, the Assistant United States Attorney, and Steven J. Jacobs, plaintiff's criminal defense attorney, conspired to deprive plaintiff of his constitutional rights, including his right to due process and a fair trial, as well as his right to the effective assistance of counsel.  Plaintiff further claims that Green, through the "complicity" of the other two defendants, was able to present perjured testimony.  Plaintiff claims that the defendants violated 42 U.S.C. § 1985, because they were motivated to convict plaintiff based on his

---

[1]  This Court obtained much of this information from the records of the United States District Court for the Eastern District of Michigan, which this Court is permitted to take judicial notice of. *See United States v. Rigdon,* 459 F. 2d 379, 380 (6th Cir. 1972).  The Court also obtained the citations for plaintiff's various appeals from www.westlaw.com.

being a minority group member. Plaintiff seeks monetary damages.

### III. Standard of Review

The Court initially notes that plaintiff's § 1983 lawsuit claims that the three defendants conspired to convict him of criminal offenses in federal court. 42 U.S.C. § 1983 does not apply to actions against federal officials, because they are not state actors acting under color of state law. *See Halter v. Eichenlaub*, 566 F. Supp. 2d 649, 651 (E.D. Mich. 2008). However, a plaintiff may file suit in federal court for damages arising from a violation of plaintiff's constitutional rights by persons acting under the color of federal law. *Id.,* (citing *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971)). A *Bivens* action is considered the federal counterpart of a Section 1983 action. *Shannon v. General Electric Co*, 812 F. Supp. 308, 322 (N.D.N.Y. 1993). Because plaintiff is alleging that his constitutional rights were violated by persons acting under color of federal law, plaintiff's § 1983 complaint is properly construed as a *Bivens* action. *See Sullivan v. United States,* 90 Fed. Appx. 862, 863 (6th Cir. 2004). Likewise, plaintiff's allegation that a private party, namely his defense attorney, conspired with federal officials to violate his constitutional rights should also be construed as a *Bivens* action. *See Hoffart v. U.S. Government, Solicitor General Washington, DC,* 24 Fed. Appx. 659, 664-65 (9th Cir. 2001).

Under the Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. See *McGore v.*

*Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997). If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should sua sponte dismiss the complaint." *Id.* at 612. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997). The screening provisions of the PLRA are applicable to *Bivens* actions brought by federal inmates. *See e.g. Plunk v. Givens,* 234 F. 3d 1128, 1129 (10th Cir. 2000); *See also Diaz v. Van Norman,* 351 F. Supp. 2d 679, 680-81 (E.D. Mich. 2005).

### IV. Discussion

Plaintiff's civil rights action is subject to dismissal for several reasons.

First, to the extent that plaintiff is seeking to have his federal criminal convictions vacated or set aside in this civil rights action, the civil rights complaint is subject to dismissal. A claim brought under § 1983 and/or Bivens is an appropriate remedy for a prisoner challenging a condition of his imprisonment. *Diaz,* 351 F. Supp. 2d at 682 (citing *Preisier v. Rodriguez,* 411 U.S. 475, 499 (1973)). However, a challenge to the validity of a prisoner's continued confinement is not properly brought under *Bivens. Id.* "[T]he proper remedies for

4

a challenge to a federal conviction and sentence are a direct appeal or a motion under 28 U.S.C. § 2255 in the sentencing court." *Agunbiade v. U.S. Drug Enforcement Admin.*, No. 1995 WL 871138, * 1 (E.D. Mich. Feb 22, 1995); *Cf. Messa v. Rubin*, 897 F. Supp. 883, 885 (E.D. Pa. 1995)(a civil rights lawsuit brought under Section 1983 cannot serve as a basis to challenge the fact of a plaintiff's criminal conviction; the proper instrument for bringing such a challenge would be either on direct appeal, a state post-conviction relief motion, or a petition for a federal writ of habeas corpus).

Plaintiff has already been denied post-conviction relief by Judge Friedman on more than one occasion. The normal rule is that before a second or successive motion to vacate sentence is filed in a federal district court, a petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *In Re Hanserd*, 123 F. 3d 922, 934 (6th Cir. 1997). If a second or successive motion to vacate sentence is erroneously filed with the district court, the court should normally transfer the motion to the the appropriate court of appeals pursuant to 28 U.S.C. § 1631. *Id.*(*citing to In Re Sims,* 111 F. 3d 45, 47 (6th Cir. 1997)). However, absent any clear indication from the plaintiff, this Court cannot construe this complaint as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. *See In re Shelton*, 295 F. 3d 620, 622 (6th Cir. 2002); *See also Lewis v. U.S.,* 50 Fed. Appx. 294, 295 (6th Cir. 2002). This Court therefore declines to

transfer this complaint to the Sixth Circuit pursuant to § 2244(b)(3)(A).

Secondly, to the extent that plaintiff seeks monetary damages arising from his criminal convictions, he would be unable to obtain such damages absent a showing that his criminal convictions had been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The rationale behind *Heck* has been applied to *Bivens* actions brought against federal defendants. *See Lanier v. Bryant,* 332 F. 3d 999, 1005 (6th Cir. 2003); *Robinson v. Jones*, 142 F. 3d 905, 906-07 (6th Cir. 1998). The holding in *Heck* has also been extended to conspiracy claims brought under Section 1985, when such a lawsuit would call into question the validity of the plaintiff's criminal conviction. *Lanier,* 332 F. 3d at 1005-06; *See also Dotson v. Lane,* No. 2010 WL 22326, * 2 (6th Cir. January 5, 2010). Because plaintiff does not allege that his convictions have been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his criminal prosecution, conviction, and incarceration against the defendants fail to state a claim for which relief may be granted and must, therefore, be dismissed. *Lanier,* 332 F. 3d at 1005-06.

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey*

doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 609 (E.D. Mich. 2004).  Therefore, because this Court is dismissing plaintiff's complaint under *Heck*, the dismissal will be without prejudice. *Diehl v. Nelson*, 198 F. 3d 244 (Table), No. 1999 WL 1045076 (6th Cir. November 12, 1999)(citing to *Fottler v. United States*, 73 F. 3d 1064, 1065 (10th Cir. 1996)).

## V.  CONCLUSION

**IT IS HEREBY ORDERED** that plaintiff''s complaint is **DISMISSED WITHOUT PREJUDICE**.

Dated:  January 26, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 26, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk