UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD DEAN JONES,

    Plaintiff,

                              Civil No: 2:09-CV-15028
                              HONORABLE GEORGE CARAM STEEH
v.                           UNITED STATES DISTRICT COURT

HARLON GREEN, et. al.,

    Defendants.
_____/

## OPINION AND ORDER DENYING THE MOTION TO AMEND/RECONSIDER THE ORDER DISMISSING COMPLAINT

On January 26, 2010, this Court summarily dismissed plaintiff's civil rights complaint. *See Jones v. Green,* 2010 WL 374108 (E.D. Mich. January 26, 2010). Plaintiff has now filed a motion to amend the complaint or for the Court to reconsider its prior order of dismissal. For the reasons that follow, the motion is DENIED.

The Court will deny plaintiff's request to amend the complaint. Under the Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. See *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997). If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should sua sponte dismiss the complaint." *Id.* at 612. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and §

1

1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997). The screening provisions of the PLRA are applicable to *Bivens* actions brought by federal inmates. *See e.g. Diaz v. Van Norman,* 351 F. Supp. 2d 679, 680-81 (E.D. Mich. 2005). Under the PLRA, a district court has no discretion to amend a complaint to avoid a *sua sponte* dismissal. *McGore,* 114 F. 3d at 612*, See also Warren v. Doe,* 28 Fed. Appx. 463, 464 (6th Cir. 2002). Accordingly, the Court will deny the motion to amend the complaint.

The Court will also deny plaintiff's motion for reconsideration. U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the defect will lead to a different disposition of the case. *See DirecTV, Inc. v. Karpinsky,* 274 F. Supp. 2d 918, 921 (E.D. Mich. 2003).

This Court dismissed plaintiff's complaint for two reasons. First, to the extent that plaintiff was seeking to have his federal criminal convictions vacated or set aside, the civil rights complaint was subject to dismissal, because a challenge to the validity of a prisoner's continued confinement is not properly brought under *Bivens*. *Diaz,* 351 F. Supp. 2d at 682. Secondly, to the extent that plaintiff sought monetary damages arising from his criminal convictions, he was barred pursuant to the holding in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) from obtaining such damages absent a showing that his criminal convictions had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus.

Plaintiff claims that this Court erred in dismissing the complaint pursuant to the *Heck* doctrine, because he claims that his lawsuit does not necessarily call into question the validity of his federal conviction. In support of his argument, plaintiff points to the case of *Harper v. Jackson,* 293 Fed. Appx. 389 (6th Cir. 2008), in which the Sixth Circuit held that a convicted prisoner's Fourth Amendment claim was not barred under *Heck*, because if the plaintiff succeeded on his § 1983 claims, his conviction would not necessarily be impugned because both the doctrine of inevitable discovery and the good faith exception applied to the search.

The Sixth Circuit's holding in *Harper* does not help plaintiff. Plaintiff did not

3

allege that his Fourth Amendment rights were violated.  Plaintiff claimed that the defendants conspired to deprive plaintiff of his constitutional rights to due process and a fair trial, as well as his right to the effective assistance of counsel.  Plaintiff further claimed that Defendant Green, through the "complicity" of the other two defendants, was able to present perjured testimony.  Plaintiff claimed that the defendants violated 42 U.S.C. § 1985, because they were motivated to convict plaintiff based on his being a minority group member.  A favorable ruling regarding plaintiff's allegations in this case would clearly call into question the validity of his federal conviction.

Plaintiff's motion for reconsideration will be denied, because he is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court summarily dismissed his civil rights complaint. *See Hence v. Smith,* 49 F. Supp. 2d 549, 553 (E.D. Mich. 1999).

## ORDER

Based upon the foregoing, IT IS ORDERED that the motion to amend/reconsider order dismissing complaint [Dkt. # 7] is **DENIED.**

Dated:  March 18, 2010

    S/George Caram Steeh  
    GEORGE CARAM STEEH  
    UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 18, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk